**NOT FOR CITATION OR PUBLICATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| RANDALL McCOY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 08-112-ART |
| | ) | |
| v. | ) | |
| | ) | |
| JIM BOOTH, in his individual and official | ) | **MEMORANDUM OPINION** |
| capacity, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiffs Randall McCoy and Benita Damron filed suit against Defendants Jim Booth and Jared Alfrey, asserting claims under 42 U.S.C. § 1983 and state law against them in both their individual capacities and official capacities as officers of the Kentucky State Police. Booth filed a Motion to Dismiss, R. 7, to which a response, R. 12, and a reply, R. 13, have been filed. For the reasons stated below, the Court denies the motion in so far as it seeks a dismissal based on Fed. R. Civ. P. 4(m), but grants the motion regarding the claims against Booth in his official capacity.

**I.  FEDERAL RULE OF CIVIL PROCEDURE 4(m)**

Booth contends that Plaintiffs' Complaint must be dismissed because they failed to serve Booth within 120 days of filing the Complaint. While Booth is correct that Plaintiffs failed to serve Booth within 120 days, Rule 4(m) does not require dismissal of this action.

Rule 4(m) reads as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Thus, if a defendant is not served within 120 days of the filing of the complaint, the Court has two options: (1) dismiss the action without prejudice, or (2) order that service be made within a specified time.  Here, the Court chose the second option, ordering that this action would be dismissed without prejudice unless Plaintiffs filed proof of service on Defendants by October 30, 2008.  *See* R. 3.  Plaintiffs complied with that order and filed proof of service on Defendants, *see* R. 4 & 5 (Alfrey) & R. 8 & 9 (Booth).  Booth, therefore, is not entitled to dismissal of this action under Rule 4(m).

*Turner v. City of Taylor*, 412 F.3d 629 (6th Cir. 2005), which Booth cites, does not require otherwise.  In *Turner*, the plaintiff moved to reissue summonses for certain defendants he had failed to serve within 120 days.  *Id.* at 649.  The district court denied the plaintiff's motion, and the Sixth Circuit affirmed because the plaintiff had not shown excusable neglect, as required by Rule 6(b).[1]  *Id.* at 650–51.  Here, however, the Court directed Plaintiffs to serve the Complaint on Defendants by October 30, 2008, as Rule 4(m) explicitly provides.  Plaintiffs complied with that Order and thus no showing of good faith or excusable neglect is required.  *See Henderson v. United States*, 517 U.S. 654, 662 (1996) ("[I]n 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'")

---

[1] Rule 6(b) provides, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1).

(quoting Advisory Committee's Notes on Fed. R. Civ. P. 4(m)); *see also Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) (holding that district courts have discretion to grant extensions of the service period even in the absence of good cause and citing decisions from the Eleventh, Seventh, Tenth, and Third Circuits holding the same).

## II.  Official-Capacity Claims Against Booth

In addition to dismissal based on Rule 4(m), Booth separately requests that the Court dismiss the federal and state-law official-capacity claims against him.  Plaintiffs concede that Booth is entitled to dismissal of the § 1983 claims on the basis of sovereign immunity under the Eleventh Amendment, *see* R. 12 at 5–6, but contest dismissal of the state-law claims, *id.* at 3–4.  The Court concludes that Plaintiffs' state-law claims against Booth in his official capacity should be dismissed as well.

Under Kentucky law, "[a] state agency is entitled to immunity from tort liability to the extent that it is performing a governmental, as opposed to a proprietary, function." *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001).  Because "governmental immunity extends to state agencies that perform governmental functions and are supported by the state treasury . . . [a]n analysis of what an agency actually does is required to determine its immunity status." *Autry v. W. Ky. Univ.*, 219 S.W.3d 713, 717 (Ky. 2007).

The Kentucky State Police is a statutorily created department within the Justice and Public Safety Cabinet that is charged with statewide law enforcement, *see* Ky. Rev. Stat. § 16.060, and that is funded by appropriations from the Kentucky general assembly, *see id.* § 16.050(1) (referencing the Kentucky State Police's budget request to the General Assembly).  When an entity acts "for the purpose of preserving the peace, in the interest of public health, and

in enforcement of laws for the safety of the public, [it] is acting in a governmental capacity . . . ."
*City of Elizabethtown v. Caswell*, 261 S.W.2d 424, 426 (Ky. 1953); *see also Caudill v. Pinsion*,
24 S.W.2d 938, 940 (Ky. 1930) ("The prevention of crime is a purely governmental function,
undertaken for the benefit of the public at large . . . ."). Because enforcing the law is a
governmental and not a proprietary function, the Department of Kentucky State Police is
protected by governmental immunity when it acts according to its mandate to enforce the law.

When a government employee is sued in his official capacity, he is protected by the same
immunity that is afforded the agency employing him. *See Autry*, 219 S.W.3d at 717 ("If a state
agency is deemed to have governmental immunity, its officers or employees have official
immunity when they are sued in their official or representative capacity. The immunity that an
agency enjoys is extended to the official acts of its officers and employees."); *Yanero*, 65 S.W.3d
at 521–22 ("Official immunity can be absolute, as when an officer or employee of the state is
sued in his/her representative capacity, in which event his/her actions are included under the
umbrella of sovereign immunity. . . . Similarly, when an officer or employee of a governmental
agency is sued in his/her representative capacity, the officer's or employee's actions are afforded
the same immunity, if any, to which the agency, itself, would be entitled. . . ."). Thus, because
the Department of Kentucky State Police is entitled to governmental immunity, Booth is also
entitled to that immunity and is immune from Plaintiffs' state-law claims against him in his
official capacity.

Plaintiffs' argument that it is premature to determine whether Booth is entitled to official
immunity from the state-law claims misunderstands the applicable state-law immunity. While a
government employee sued in his official capacity is protected by the same immunity given to

-4-

the agency employing him, the official immunity referenced by Plaintiffs applies to claims

against government employees in their individual capacities, *see Autry*, 219 S.W.3d at 717

("[W]hen such officers or employees are sued for negligent acts in their individual capacities,

they have qualified official immunity.");*Yanero*, 65 S.W.3d at 522 ("[W]hen sued in their

individual capacities, public officers and employees enjoy only qualified official immunity,

which affords protection from damages liability for good faith judgment calls made in a legally

uncertain environment.").  The reason for this distinction is that an official-capacity claim is

treated as a claim against the entity rather than the individual.  *See Kentucky v. Graham*, 473 U.S.

159, 165–66 (1985) ("Official-capacity suits, in contrast, generally represent only another way of

pleading an action against an entity of which an officer is an agent.  As long as the government

entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects

other than name, to be treated as a suit against the entity.") (citations omitted); *Claybrook v.

Birchwell*, 199 F.3d 350, 356 n.4 (6th Cir. 2000) ( "An official capacity claim filed against a

public employee is equivalent to a lawsuit directed against the public entity which that agent

represents.").  Here, Booth has not moved to dismiss Plaintiffs' claims (federal or state) against

him in his individual capacity, and thus the Court will not address whether Booth is entitled

either to qualified immunity for the § 1983 claims or official immunity for the state-law claims.

**III.  CONCLUSION**

Accordingly, it is **ORDERED** as follows:

(1)     Defendant Jim Booth's Motion to Dismiss, R. 7, is **GRANTED IN PART** and

        **DENIED IN PART**.

(2)     The motion is **GRANTED** with respect to Plaintiffs' § 1983 claims and state-law

claims against Booth in his official capacity as Commander of the Kentucky State Police.

(3)      The motion is **DENIED** in so far as it seeks dismissal of this action on the basis of Fed. R. Civ. P. 4(m).

(4)      Booth shall answer Plaintiffs' Complaint by **December 1, 2008**.

This the 17th day of November, 2008.

**Signed By:**

**_Amul R. Thapar_**

**United States District Judge**

-6-